[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11283
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-02567-VEH-JEO

DERRICK AVERHART,

Plaintiff-Appellant,

versus

WARDEN,
COMMISSIONER KIM THOMAS,
Individually and in official capacity,
WARDEN HEADLEY,
Individually and in official capacity,
SGT. MASON,
Individually and in official capacity,
COI OFFICER KENDRICK,
Individually and in official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(October 24, 2014)

Before MARCUS, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Derrick Averhart, a state prisoner, was injured when stabbed by another prisoner. Averhart now proceeds *pro se*, to appeal the district court's order dismissing defendants Warden Davenport, Assistant Warden Headley, Commissioner Thomas, and Sergeant Mason pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Averhart also appeals the district court's order granting summary judgment to the defendant, Correctional Officer Antwan Kendrick, on Averhart's 42 U.S.C. § 1983 action: one alleging an Eighth Amendment violation for deliberate indifference. Averhart raises several issues on appeal. First, he argues that his claims against the four supervisory defendants should not have been dismissed because his complaint alleged that each was legally responsible for his safety. Second, Averhart contends that Kendrick acted with deliberate indifference for Averhart's safety by failing to comply with several rules promulgated by the Alabama Department of Corrections, failing to prevent another inmate from stabbing him, and failing to intervene immediately to stop the attack. Third, Averhart argues that Kendrick is not entitled to qualified immunity because he violated Averhart's clearly established constitutional rights

2

when Kendrick failed to intervene immediately to protect Averhart.  We see no reversible error, and we affirm.

## I.

*Pro se* pleadings are to be liberally construed.  *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). To survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Conclusory allegations and bare legal conclusions are insufficient to preclude dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Section 1983 requires proof of a causal link between a particular defendant's acts and the alleged constitutional deprivation. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).  Section 1983 claims may not be brought against supervisory officials solely on the basis of vicarious liability or *respondeat superior*. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).  A supervisor can be held liable under § 1983 if he personally participates in the alleged constitutional violation or if a causal connection exists between his acts and the constitutional infirmity. *Id.*

Averhart's complaint about the four supervisory defendants does not allege facts sufficient to support a claim upon which relief can be granted.  Because *respondeat superior* does not apply in § 1983 actions, Averhart fails to state a claim simply by alleging that Davenport, Headley, Thomas, and Mason had supervisory authority over Kendrick. *See id.*  Averhart's complaint also fails to allege a causal link between the acts of the supervisory defendants and the alleged constitutional harm. None of these supervisory defendants are alleged to have known in advance of an inordinate risk of attack by an inmate on Averhart. Averhart's contention that the four defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal. *See Oxford Asset Mgmt., Ltd.*, 297 F.3d at 1188. Accordingly, we conclude that the district court, pursuant to 28 U.S.C. § 1915A(b)(1), did not err in dismissing, for failure to state a claim, Averhart's claims against Davenport, Headley, Thomas, and Mason.

II.

We review the district court's grant of summary judgment *de novo* and apply the same standard used by the district court. *Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001).  Summary judgment is appropriate only

4

when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reviewing the district court's decision, we consider the record in the light most favorable to the non-moving party. *Burton*, 271 F.3d at 1277.

A claimant is entitled to relief under § 1983 if he can prove that a person acting under color of state law committed an act that deprived the claimant of some right protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983. The Supreme Court has interpreted the Eighth Amendment to prohibit deliberate indifference to an inmate's health or safety. *See Hope v. Pelzer*, 536 U.S. 730, 737-38, 122 S.Ct. 2508, 2514, 153 L.Ed.2d 666 (2002). A prison official acts with deliberate indifference when he consciously disregards an excessive risk to a prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835-37, 114 S.Ct. 1970, 1978-79, 128 L.Ed.2d 811 (1994). Prison officers are not guarantors of prisoner safety. And mere negligence is insufficient to support a finding of deliberate indifference. *Id.* at 835. Because proving deliberate indifference requires inferring that a prison official consciously refused to prevent the harm, we require the plaintiff to demonstrate that the prison official possessed both knowledge of the danger and the means to cure it. *LaMarca*, 995 F.2d at 1535-37. A prison official's failure to prevent inmate-on-inmate violence may constitute

5

deliberate indifference, if the prison official knew there was a substantial risk of serious harm and then knowingly or recklessly disregarded that risk. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582-83 (11th Cir. 1995).

From the record, this case is a random-violence case, without an allegation that similar inmate-on-inmate violence resulting in serious harm occurred often. Averhart failed to present evidence that Kendrick knew or should have known that a substantial risk existed of serious harm to Averhart from attack by another inmate. *See Hale*, 50 F.3d at 1582-83. In addition, even assuming Kendrick was negligent in carrying out some of his duties, mere negligence is insufficient to support a finding of deliberate indifference. *See Farmer*, 511 U.S. at 835, 114 S.Ct. at 1978.  Besides, Kendrick's decision to run for backup before confronting the attacker did not constitute knowing or reckless disregard of the risk to Averhart, considering Kendrick was unarmed, unable to radio for backup, and facing an armed inmate, threatening with a knife.  Accordingly, we conclude that the district court did not err in granting summary judgment in favor of Kendrick on Averhart's Eighth Amendment deliberate-indifference claim.[*]

**AFFIRMED.**

---

[*] The district court did not err in granting summary judgment on Averhart's Eighth Amendment claim; Kendrick is entitled to qualified immunity, if we are mistaken on the merits of the constitutional claim.

6